UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MILLER, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-001716-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Petitioner James Miller's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On August 11, 2021, Petitioner was charged in a four-count indictment with conspiracy to distribute fifty grams or more of methamphetamine; distribution of fentanyl; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon.

On November 4, 2022, Petitioner pled guilty to two counts: Count 1 for conspiracy to distribute methamphetamine and Count 4 for possession of a firearm by a convicted felon.  The Court accepted Petitioner's plea, and on February 23, 2023, sentenced Petitioner to 135 months' incarceration on Count 1 and 120 months' incarceration on Count 4, to run concurrently.

All of the claims in Petitioner's pro se motion under § 2255 rest on his assertion that counsel provided ineffective assistance of counsel.  Petitioner asserts that his counsel was ineffective for failing to (1) properly explain the knowledge element of 18 U.S.C. § 922(g), (2) suppress or challenge evidence, (3) properly explain the consequences of

forfeiture, or challenge the forfeiture, and for requesting additional funds to challenge the forfeiture allegations, (4) effectively communicate with him, and (5) challenge the amount or weight of the drugs, the nexus with the co-defendant, and the inclusion of the drugs she possessed as relevant conduct.

As the record conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

Petitioner was indicted and charged on August 11, 2021, with four-counts: conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 (Count 1); distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c) (Count 3); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 4). *United States v. Miller, et al.*, Case No. 4:21-cr-00450-AGF-1 (E.D. Mo.), Crim. ECF No. 1.[1] On November 4, 2022, Petitioner pled guilty to two of the counts pursuant to a written plea agreement, Count 1 for conspiracy to distribute fifty grams or more of methamphetamine and Count 4 for possession of a firearm by a convicted felon. Crim. ECF No. 57. As part of the plea agreement, the Government agreed to dismiss Counts 2 and 3 at the time of sentencing and agreed that no further federal prosecution will be brought in this Court

---

[1] References to Petitioner's criminal case are designated as "Crim. ECF No. ___."

arising out of the events in this case, and Petitioner agreed to forfeit to the United States all property subject to forfeiture under the applicable statute, including but not limited to approximately $18,470.  *Id.* at 1–2.

Pursuant to the guilty plea agreement, Petitioner stipulated the following facts.  In or around January 2021, Petitioner entered into an agreement with others, including co-defendant Tiauna Williams, to distribute controlled substances within the Eastern District of Missouri.  Petitioner contacted a confidential source to arrange the sale of four ounces of methamphetamine on February 3, 2021.  Petitioner told the confidential source that Williams would pick up the methamphetamine and meet with him at Lowe's on Loughborough Avenue in St. Louis City.  Williams later delivered to the confidential source 106.5 grams of methamphetamine.  *Id.* at 3.

A week later, on February 10, 2021, Petitioner sold the confidential source 51.1 grams of methamphetamine and .672 grams of a substance that contained a detectable amount of fentanyl.  *Id.* at 4.  Not long after, on February 18, 2021, Petitioner arranged another delivery of methamphetamine between co-defendant Williams and the confidential source.  On this occasion, Williams was stopped by law enforcement officers and was found to be in possession of over 100 grams of actual methamphetamine.  On February 25, 2021, law enforcement officers executed a search warrant at Petitioner's home in St. Louis, Missouri, located within the Eastern District of Missouri.  The officers discovered a firearm with an attached drum magazine that was loaded with fifty rounds of ammunition, a second double drum magazine, and $18,470 in cash.  *Id.*

As noted above, on August 11, 2021, Petitioner was indicted by a Grand Jury on four counts.  Crim. ECF No. 1.  On February 7, 2022, Martin Minnigerode, a CJA appointment, entered his appearance on behalf of Petitioner.  Crim. ECF No. 22.  That same day, the Government's Motion for Pretrial Detention was granted by the Magistrate Judge.  Crim. ECF No. 29.  On May 27, 2022, through counsel, Petitioner filed a Motion to Extend Pretrial Motion Deadline, which was granted by the Magistrate Judge.  Crim. ECF Nos. 37, 38.  On August 24, 2022, counsel filed a Second Motion for Extension of Time to File Pretrial Motions. Crim. ECF No. 39.

Soon thereafter, on September 9, 2022, Petitioner filed a Waiver of Filing Pretrial Motions.  Crim. ECF No. 44.  This Court then scheduled Petitioner's jury trial for November 7, 2022.  Crim. ECF No. 47.  However, a change of plea hearing was held on November 4, 2022, in which Petitioner pled guilty to Counts 1 and 4.  Crim. ECF No. 57.  As part of the plea, Petitioner agreed to forfeit property subject to the applicable statute(s), including the approximately $18,470 found at the scene.  *Id.* at 1–2.  Petitioner also agreed to waive all rights to appeal non-sentencing issues, to waive all sentencing issues within or below the agreed sentencing guideline range, and to waive all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.  *Id.* at 8.

During the change-of-plea hearing, Petitioner confirmed under oath that he had fully discussed the charges asserted against him and his case with his attorney and that counsel had reviewed with him the evidence that the Government had against him.  Crim. ECF No. 89 at 7–8.  He further confirmed that he had discussed with his attorney both his

4

case and the plea agreement, including the forfeiture, that he was satisfied with counsel's representation, and that he was guilty of the crimes to which he was pleading guilty. *Id.* at 7–12, 14–18. Petitioner also acknowledged that no one had made him any promises or offers to induce him to plead guilty other than what was contained in the plea agreement, nor did anyone threaten or try to force Petitioner to plead guilty. *Id.* at 26, 37. Petitioner further confirmed that he was satisfied with the representation he received from his attorney, and that there was nothing he wanted his attorney to do for him that the attorney had not done in representing Petitioner. *Id.* at 7–12, 14–18.

At the change of plea hearing, the Court had the following discussion with Petitioner on the record:

> THE COURT: And can you tell me, sir, have you had enough time to discuss both your case and this plea agreement with your attorney?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And are you satisfied with his representation of you in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is there anything you think your attorney should have done but hasn't done in representing you?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Is there anything you asked him to do that he failed or refused to do?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: And to the extent you've had questions has he answered those questions for you?
>
> THE DEFENDANT: Yes, ma'am.

5

*Id.* at 9.  The Court further discussed forfeiture with the Petitioner at the Change of Plea

Hearing:

> THE COURT: And, in addition, there is an agreement here with respect to forfeiture in which you are agreeing to forfeit to the United States all property subject to forfeiture under the statutes including, but not limited to, $18,470 in U.S. currency.  You understand?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And there's some more language with respect to forfeiture on pages 10 and 11 of this agreement.  And in this part of the agreement, you are agreeing to forfeit to the United States any interest that you have in all items that were seized by law enforcement during the course of their investigation.  You understand?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Whether or not they'd otherwise be subject to forfeiture.  You understand?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And you're agreeing to cooperate with those forfeiture proceedings and abandon any interest that you have in the items and give up any right to contest the forfeiture proceedings.  You understand?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And, specifically, as we just discussed, you are agreeing to the forfeiture of approximately $18,470 in U.S. currency. You understand?
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at 14–15.  The Court further discussed Petitioner's waiver of his right to appeal as

well as his prior waiver of his right to file pretrial motions:

> THE COURT: I assume that on some earlier dates you had some court proceedings before a magistrate judge.  Do you recall that, sir?  Do you recall appearing before another judge in connection with this case?

6

THE DEFENDANT: Oh, yes. Yes, ma'am.

THE COURT: All right. And one of the things the judge did was put a schedule in place setting deadlines by which you could file pretrial motions, including any motion to dismiss the indictment and any motion to suppress evidence.

THE DEFENDANT: Yes, ma'am.

THE COURT: And it's my understanding that at some point in time, your attorney filed a waiver of your right to file pretrial motions. Were you aware of that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And did you, in fact, discuss with your attorney whether or not to file pretrial motions in your case?

THE DEFENDANT: Yes, ma'am.

THE COURT: And are you satisfied with the decision that you and your attorney reached to waive your right to file those motions?

THE DEFENDANT: Yes, ma'am.

THE COURT: And you understand, sir, that by virtue of that waiver, and also by virtue of entering into a guilty plea, that you could be deemed to have waived or given up your right to assert those pretrial motions?

THE DEFENDANT: Yes, ma'am.

THE COURT: And what this particular paragraph of the plea agreement relates to is your ability to make arguments like that to the Court of Appeals. You understand?

THE DEFENDANT: Yes, ma'am.

THE COURT: And you understand you're giving up that right?

THE DEFENDANT: Yes, ma'am.

THE COURT: So, for example, to the extent you believe any search, any seizures, and statements made by you were obtained in violation of your rights, part of what you're giving up is the right to make those arguments to the Court of Appeals. You understand?

7

THE DEFENDANT:  Yes, ma'am.

*Id.* at 34–35.

On December 1, 2022, the Government filed a Preliminary Motion for Forfeiture of the $18,470 that Petitioner agreed to forfeit as part of the written plea agreement. Crim. ECF No. 61.  The Court issued a Preliminary Order of Forfeiture as to that property on January 13, 2023.  Crim. ECF No. 71.  After Petitioner pled guilty but prior to sentencing, the United States Probation Office issued its presentence investigation report ("PSR").  Crim. ECF No. 76.  In the PSR, the Probation Office determined a guidelines range of 135 to 168 months' imprisonment.  Crim. ECF No. 76.  The PSR notes that Petitioner would have been subject to a minimum term of imprisonment of 180 months had the Government filed an enhancement pursuant to 21 U.S.C. § 851.  *Id.* at 18. Further, had Petitioner been convicted of Count 3, which charged possession of a firearm in connection with a drug trafficking crime, he would have been subject to a mandatory minimum sentence of 60 months that must be imposed consecutive to all other counts. *Id.* at 18.  Petitioner filed a sentencing memorandum on February 17, 2023, requesting a downward variance to 120 months' imprisonment, but did not object to the presentence report.  Crim. ECF No. 78.

On February 23, 2023, the Court held a sentencing hearing at which Petitioner appeared with counsel.  Crim. ECF No. 80.  At the hearing, Petitioner confirmed that he had reviewed the United States Probation Office's final PSR with counsel.  Crim. ECF No. 91 at 5.  The Court sentenced Petitioner to 135 months on Count 1 and 120 months on Count 4 to run concurrently, and to run consecutive to any sentence imposed by the

8

Circuit Court of the City of St. Louis in the case numbered 2122-CR00386-01. Crim. ECF No. 80. Counts 2 and 3 were dismissed pursuant to the written plea agreement. *Id.* The Court also ordered that the items and property in the Preliminary Order of Forfeiture be finally forfeited by the Petitioner. *Id.* at 21. Regarding forfeiture, the Court had the following discussion with Petitioner:

> THE COURT: You look a little bit confused. And there was a preliminary order of forfeiture entered in this matter. And, specifically, it reflected a forfeiture of $18,470 in U.S. currency and that is something that you agreed to forfeit as part of your plea agreement.
>
> THE DEFENDANT: Okay.
>
> THE COURT: All right. Do you have any further questions about that because I'm happy to let you speak to your attorney if you do.
>
> THE DEFENDANT: No, ma'am.

*Id.* at 21–22.

Petitioner filed a Notice of Appeal on March 6, 2023. Crim. ECF No. 84. On July 27, 2023, the Eighth Circuit Court of Appeals found that the appeal waiver within the written plea agreement was valid, enforceable, and applicable to Petitioner's appeal and therefore dismissed the appeal. Crim. ECF No. 106. The formal mandate was issued on August 17, 2023. Crim. ECF No. 109.

Petitioner timely filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on December 18, 2023. ECF No. 1. Petitioner submitted an Amended Motion on April 2, 2024,[2] and subsequently filed a supplement to the amended motion on

---

[2] The amended motion was simply the court-ordered form which Petitioner completed. The form did not address the substantive arguments or add new arguments.

9

May 24, 2024.  ECF Nos. 5, 7.  The Government filed its Response on May 31, 2024.

ECF No. 8.[3]

**Motion to Vacate**

As noted above, in his Section 2255 motion Petitioner asserts that his plea counsel

was ineffective for failing to (1) properly explain the knowledge element of 18 U.S.C. §

922(g), (2) suppress or challenge evidence, (3) properly explain the consequences of

forfeiture, challenge the forfeiture, and for requesting additional funds to challenge the

forfeiture allegations, (4) effectively communicate with him, and (5) challenge the

amount and weight of the drugs, the nexus with the co-defendants, and the inclusion of

the drugs she possessed as relevant conduct.  ECF Nos. 1, 5, 7.  The Government

responds that Petitioner failed to support the allegations and has not demonstrated

prejudice with respect to the allegations.  ECF No. 8 at 3.

## DISCUSSION

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence

imposed against him on the ground that "the sentence was imposed in violation of the

Constitution or law of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack."  Section 2255 rights can be waived in a

plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound

---

[3] The Government filed its response shortly after the supplemental petition and did not respond to the new arguments.

by the provisions of the plea agreement, including the waiver provisions." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). However, a petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006) (citation omitted).

**<u>Ineffective Assistance of Counsel</u>**

Petitioner's ineffective assistance of counsel claims are without merit. To establish ineffective assistance of counsel, "the petitioner must show counsel's representation fell below an objective standard of reasonableness and that such deficient performance prejudiced the defense." *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Prejudice in the context of a guilty plea requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Prejudice in the sentencing context requires the petitioner to show "a reasonable probability that his sentence would have been different but for the deficient performance." *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044–45 (8th Cir. 2019) (citation omitted).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1045 (citation omitted). "Instead, [j]udges should . . . look to contemporaneous evidence

11

to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

Here, the Petitioner has not demonstrated ineffective assistance of counsel.

## 1. Failure to Explain the Knowledge Requirement of 18 U.S.C. § 922(g)

Petitioner first asserts that his counsel was ineffective for failing to properly explain the knowledge element of 18 U.S.C. § 922(g). In this regard, Petitioner asserts that the Government must prove defendant knew when he possessed the firearm that his prior felony conviction barred him from possessing a firearm. ECF No. 1 at 1. Petitioner further alleges that "[h]ad the defendant [known] the government need[ed] to prove this the defendant would not have entered the guilty plea." *Id.* at 1–2.

The first and most fundamental problem with this argument is that it is an incorrect statement of the law. Petitioner claims that the Government was required to prove as an element that Petitioner knew that his prior conviction "barred him from possession of a gun." ECF No. 1, at 1–2. This is not correct. The United States was not required to prove Petitioner knew he was prohibited from possessing firearms. Rather, it was required only to prove he knew he fell into one of the categories of persons listed in the statute. In this case, the elements require only that Petitioner knew he had previously been convicted of a felony offense. *United States v. Fisher*, 115 F.4th 875, 878–79 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 1210, 221 L. Ed. 2d 278 (2025); *United States v. Bull*,

12

8 F.4th 762, 770 (8th Cir. 2021); *United States v. Davies*, 942 F.3d 871, 873 (8th Cir. 2019).

The plea agreement and the Court properly advised Petitioner of the required elements, and Petitioner acknowledged, under oath, that at the time he possessed the firearm he knew he had previously been convicted of one or more felony offenses.  The Court had the following colloquy with Petitioner on the subject at the plea hearing:

> THE COURT: And with respect to Count 4, there are -- and excuse me just a second here. With respect to Count 4, there are also four basic elements.
>
> And they are, that prior to February 25, 2021, you had been convicted of a crime punishable by a term of imprisonment of more than one year; secondly, that at the time you possessed that firearm on February the 25th, you knew that you had been convicted of a crime punishable by imprisonment for a term of more than one year; third, that on or about February 25, 2021, you knowingly possessed a firearm; and, fourth, that that firearm did, in fact, travel in interstate or foreign commerce prior to the time that you possessed it.
>
> You understand that those are the four elements of Count 4?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you understand, sir, that in order to be found guilty on either of those charges that the prosecutor would have to prove all four of the elements of that count beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And if you don't think the prosecutor could prove those elements beyond a reasonable doubt, you understand I'd want you to spend a little more time talking to your attorney?
>
> THE DEFENDANT: Yes.
>
> ****
>
> THE COURT: And at the time that you possessed that firearm, did you know that you had previously been convicted of one or more felony offenses?
>
> THE DEFENDANT: Yes.

Crim. ECF No. 17–18, 22.

Indeed, in his Motion, Petitioner acknowledges that when he possessed the firearm he "knew" he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.  ECF No. 1 at 1.  Thus, there was nothing ineffective about counsel's performance.

Even if Petitioner had not knowingly admitted to the facts satisfying the knowledge elements of the charge, his claim would still fail.  In *Rehaif v. United States*, 588 U.S. 225 (2019), the Supreme Court clarified the knowledge requirement under 18 U.S.C. § 922, holding that the statute requires that a defendant know that he meets one of the underlying criteria listed in the statute which would prohibit the possession of firearms.  In cases where a defendant had pled guilty prior to *Rehaif*, and thus not admitted to that knowledge element, the Eighth Circuit has held that the "lack of a plausible ignorance defense means that any Section 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights." *United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020) (citation omitted).

Here, Petitioner knew he had served more than a year in prison and admits such in his motion.  ECF No. 1 at 1.  Additionally, Petitioner was previously arrested, convicted, and sentenced to two years in prison for Unlawful Possession of a Firearm by a convicted felon in 2014.  Crim. ECF No. 76 at 10–11.  Thus, any argument that Petitioner did not

14

know he had previously been convicted of a felony or was a person barred from the possession of a firearm also lacks merit.

As such, Petitioner's claim of ineffective assistance of counsel regarding the alleged failure to explain the knowledge requirement of 18 U.S.C. § 922(g) is without merit and will be denied.

### 2. Failure to Suppress or Challenge Evidence

In his second argument, Petitioner takes issue with counsel's failure to object to audio evidence. ECF No. 1. He urges the Court to review the audio evidence, and contends it could have presented a defense, as it leaves open the possibility that the confidential source planted the controlled substances. It is unclear whether Petitioner is asserting that counsel was ineffective for failing to move to suppress the audio evidence, or whether he is asserting defense counsel was ineffective for failing to pursue that defense. Neither claim has merit.

To the extent Petitioner is asserting counsel should have moved to suppress the evidence the claim fails for several reasons. First, Petitioner knowingly and voluntarily waived his right to pursue that motion to suppress. At the change of plea hearing, Petitioner represented under oath that he was aware his counsel filed a waiver of his right to file pretrial motions, that he had discussed it with counsel, and that he was satisfied with the decision to waive his rights. Crim. ECF No. 89 at 34–35. Such assertions carry a strong presumption of verity.

15

Further, Petitioner also has failed to show any prejudice.  To establish prejudice when alleging counsel was ineffective for failing to file a motion to suppress, Petitioner would need to prove that the motion to suppress likely would have been granted.  *United States v. Luke*, 686 F.3d 600, 605 (8th Cir. 2012).  The Eighth Circuit has noted that "[n]o prejudice arises from counsel's failure to raise a claim that had little likelihood of success on the merits."  *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998).  Here Petitioner offers no basis for suppression of the evidence.  He questions the credibility and weight of the evidence, not its admissibility.  Nor does Petitioner suggest that but for counsel's failure to file a motion to suppress the evidence, he would not have pleaded guilty.  Petitioner states that he had a theory regarding the audio evidence in question which "in front of a jury could cause reasonable doubt."  ECF No. 1 at 2.  Thus, Petitioner requested that "this [C]ourt review the audio and a clear-cut defense for this theory will be observed these are actions that could have been taken by the lawyer in this defense."  *Id.*.  Petitioner has not shown prejudice because he has not established or even asserted that but for the failure to move to suppress the evidence he would have gone to trial.

To the extent that Petitioner is arguing counsel was ineffective for not identifying or pursuing a defense based on the audio tape, the claim still fails.  Petitioner has not established that counsel's performance in this regard was deficient.  At best, Petitioner claims that if a jury were to have considered the audio evidence, they may have found it created a reasonable doubt.  But his contention regarding the audio tape does not seem persuasive.  In any event, such strategic decisions by counsel are accorded deference and

16

must be respected if based on professional judgment.  *Strickland*, 466 U.S. at 681.

Further, such an argument is contrary to his assertions under oath that counsel had

reviewed the evidence that the government had against him and that he was satisfied with

counsel's performance.  Finally, Petitioner does not suggest that he would have gone to

trial but for this alleged error by counsel.  And any suggestion that he would have gone to

trial or made a different decision had counsel challenged this evidence has little

credibility.  Petitioner got a substantial benefit from waiving his motions and pleading

guilty in this case.  As part of the plea agreement negotiated by his attorney the

Government agreed to dismiss Count 3, which could have subjected Petitioner to a

mandatory minimum sentence of 60 months, consecutive to all other sentences.  For these

reasons, Petitioner's claim of ineffective assistance of counsel regarding any failure to

suppress or challenge the audio evidence will be denied.

### 3.  Challenge to Forfeiture of the Funds.

The Petitioner alleges that counsel was ineffective for failing to explain the

forfeiture of $18,470 and that "[h]ad the defendant been advised that he could not

challenge the fund he would have not plead."  ECF No. 1 at 3.  Petitioner's challenge to

the forfeiture, even though it is couched in terms of an ineffective assistance of counsel

claim, is not cognizable in this § 2255 proceeding "because the statute affords relief only

to prisoners claiming a right to be released from custody."  *Shephard v. United States*,

735 F.3d 797, 798 (8th Cir. 2013).

The Eighth Circuit has held that 28 U.S.C. § 2255 applies only to prisoners

claiming a right to be released from custody, not prisoners challenging restitution or other

financial orders, such as forfeiture, related to their criminal sentence.  *See United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003) (holding that challenges to restitution orders are not cognizable under § 2255); *Dyab v. United States*, 855 F.3d 919, 922 (8th Cir. 2017);  *see also United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011) ("Finze's forfeiture claim is not a cognizable § 2255 claim, because it does not seek release from custody, and his other claims for release from custody 'do not run interference' for his non-cognizable forfeiture claim.") (citation omitted).  The fact that Petitioner frames his claim in terms of an ineffective assistance of counsel claim does not transform it into a cognizable claim.  *Mamone v. United States,* 559 F.3d 1209, 1211 (11th Cir. 2009) (holding that "the presence of a cognizable claim against [a petitioner's] custodial punishment does not make . . . non-cognizable claims more amenable to our review"); *United States v. Thiele,* 314 F.3d 399, 402 (9th Cir. 2002) (holding that such claims are not cognizable in a § 2255 petition, even if couched in terms of ineffective assistance of counsel).

Even if the Court were to examine the underlying ineffective assistance of counsel allegation, Petitioner's claims would still fail.  Ineffective assistance of counsel claims arising from counsel's advice during plea negotiations are also reviewed using the two-part test in *Strickland v. Washington*, that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced as a result.  *Thompson v. United States*, 872 F.3d 560, 566 (8th Cir. 2017).

As previously discussed, during the plea-colloquy, the Court explained to the Petitioner the forfeiture allegations, including a specific explanation of the forfeiture of

18

$18,470 as part of the plea agreement.  Petitioner stated that he understood the plea agreement, that he understood the forfeiture allegations, and that he would cooperate with future forfeiture proceedings.  When asked if he understood that he gave up the right to contest the forfeiture proceedings, he answered in the affirmative.  Even if Petitioner's counsel had failed to explain the forfeiture agreement and its effect, it was a part of the written plea agreement and the Court directly explained it to him during the plea-taking.  Petitioner voiced no objection.  Crim. ECF No. 89 at 14–16.  The Court accepted Petitioner's guilty plea after having found he was entering the plea agreement of his own free will, voluntarily, knowingly, and intelligently.  Additionally, the Petitioner was given another opportunity by the Court to raise any concerns regarding the forfeiture of $18,470 at sentencing, and he did not do so.  His claim now that he would not have pled guilty had he understood the forfeiture provisions is therefore contradicted by his statements under oath at the time of his plea and lacks merit.

Finally, Petitioner alleges that when he requested defense counsel to challenge the forfeiture of the $18,470 counsel told him that "there was no fight for the money unless I paid him $5,000." ECF No. 1 at 3.

Like Petitioner's other claim related to the forfeiture, this claim is not cognizable on a Section 2255 Motion because it does not seek release from custody, even though it is couched in terms of an ineffective assistance of counsel claim.  *Thiele,* 314 F.3d at 402 ("[C]ognizable claims in a § 2255 motion do not run interference for non-cognizable claims. Claims seeking release from custody can be brought under § 2255; claims seeking other relief cannot.  To determine whether a given claim is cognizable under § 2255, we

19

focus on the relief sought in the claim itself, not on relief sought in other claims mentioned elsewhere in the motion.") (citation omitted); *see also Sears v. United States*, No. 21-CR-03189-GPC, 2024 WL 4363179, at *1 (S.D. Cal. Sept. 30, 2024) ("Specifically, Ms. Sears' challenge of the forfeiture order is not cognizable because it seeks only to challenge the forfeiture and does not seek release from custody.") (citations omitted); *Cunningham v. United States*, Nos. 1:14–CR–225, 1:15–CV–1262, 2015 WL 6160722, at *4 (E.D. Va. Oct. 20, 2015) ("Cunningham's alternative attempt to couch his restitution claims in the framework of ineffective assistance of counsel also does not merit collateral relief because '[n]on-cognizable claims do not morph into cognizable ones by osmosis.'") (citation omitted); *United States v. Hames,* No. 3:07–CV–1056–P, 2010 WL 1741328, at *4 (N.D. Tex. Apr. 29, 2010) ("Claims of ineffective assistance of counsel based upon restitution and forfeiture are not cognizable in a § 2255 action because they do not relate to unlawful custody.") (citing *United States v. Segler,* 37 F.3d 1131, 1136–37 (5th Cir. 1994)).

## 4. Failure to effectively communicate

In his supplemental petition, Petitioner alleges that counsel was ineffective for failing to answer his calls and the calls of his family.  ECF No. 7, at 1.  The Eighth Circuit in *Davis v. United States* held that a communication style that did not "mesh" well with a defendant is insufficient to find ineffective assistance of counsel.  858 F.3d 529, 536 (8th Cir. 2017).

Moreover, Petitioner's allegations are again contradicted by his assertions in open court.  As noted, Petitioner confirmed under oath at the change of plea hearing that he

20

was satisfied with the performance of counsel, that any questions he had for counsel were answered, and that counsel did not fail or refuse to do anything he was asked to do. He further represented that he had discussed the plea agreement with counsel. Petitioner did not raise any issue regarding communication or any other concerns regarding counsel with the Court at any time. While Petitioner may not have been able to contact counsel as quickly or as often as he wished, that is not enough to find ineffective assistance of counsel. Furthermore, Petitioner does not identify anything he was unable to discuss with counsel nor allege that but for counsel's communication failures, he would have gone to trial rather than plead guilty. Thus, prejudice has not been established. As such, Petitioner's claim of ineffective assistance of counsel for lack of communication will be denied.

## 5. Failure to challenge the weight and nexus of the drugs

Finally, Petitioner claims counsel was ineffective for failing to challenge the weight of the drugs, asserting that if the purity was tested, the amount would be less than fifty grams. He also asserts counsel was ineffective for failing to challenge the nexus to the co-defendant and permitting the drugs she possessed to be considered as relevant conduct.

Petitioner argues that the Government must prove he owned the drugs and that he was related to the co-defendant in the case. ECF No. 1 at 2. Petitioner further argues that he believes the weight of the drugs may have been less than fifty grams if subject to a purity test. ECF No. 7 at 1. This is not an argument for suppression, but rather a theory of the case that could have been utilized in a defense at trial.

21

However, these allegations are contradicted by the record.  As previously discussed, Petitioner pled guilty and in doing so stipulated to having sold 51.1 grams of actual methamphetamine and .672 grams of a mixture or substance containing a detectable amount of fentanyl.  He provides no evidence, whatsoever, for any claim that a test of the purity could bring the amount to less than 50 grams.  And he admitted to being involved in transactions that included considerably more quantities of methamphetamine.

His arguments with respect to the co-defendant fail for similar reasons.  In his plea agreement, Petitioner admitted that he arranged for co-defendant Tiauna Williams to deliver over fifty grams of methamphetamine to the confidential source on two separate occasions.  Petitioner specifically acknowledged the truth of these facts at his plea hearing.  Crim. ECF No. 89 at 19–22.  At the plea hearing, Petitioner represented, under oath, that he had reviewed the guilty plea agreement with counsel and that there was nothing in the plea agreement he disagreed with or believed to be untrue.  Crim. ECF No. 89 at 13.  The Court then summarized these facts, and when asked if the facts were true, the Petitioner answered in the affirmative.  *Id.* at 21.  Additionally, the Petitioner acknowledged that he understood that by pleading guilty he was forfeiting his right to a jury trial and to contest the Government's evidence.  *Id.* at 9–10.  Petitioner further represented at the plea-colloquy that he was satisfied with the performance of counsel, that any questions he had for counsel were answered, and that counsel did not fail or refuse to do anything he was asked to do.  *Id.* at 7–18.

Tellingly, Petitioner nowhere asserts that his actions with respect to the co-defendant were untrue.  To the contrary, he admitted to the truth of these underlying facts

22

under oath.  The Court accepted the plea after having ascertained that Petitioner made such representations knowingly, intelligently, and voluntarily.  Again, Petitioner's representations made under oath in open court, which are contrary to his current claims, carry great verity.  In light of these facts, Petitioner's claims of ineffective assistance of counsel fail.

Moreover, Petitioner is not simply being held accountable for the co-defendant's drugs as relevant conduct.  He was charged with conspiring with the co-defendant and others to distribute methamphetamine.  The facts to which Petitioner admitted, both orally and in his written plea agreement, satisfy the elements of a conspiracy and make Petitioner liable for the full amount of the narcotics.  Even if the record did not contradict these allegations, counsel's potential failure to pursue such theories of defense, if the case were to have gone to trial, would not necessarily equate to ineffective assistance of counsel.  What defenses to raise, or not raise, are strategic decisions made by counsel.  Such strategic decisions are afforded deference and are not considered deficient performance; rather, such decisions must be respected if they are based on professional judgment.  *Strickland*, 466 U.S. at 681.

## Evidentiary Hearing

An evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (holding that a district court may forego an evidentiary hearing before dismissing a

23

§ 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner James Leonard Miller's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgement shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2026.